09-0467-ag
Wu-Fan v. Holder

BIA
Schoppert, IJ
A099 539 112

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of December, two thousand nine.

PRESENT:
> ROGER J. MINER,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> *Circuit Judges*.

─────────────────────────────────────

LIMING WU-FAN,
> *Petitioner*,

> v.                                        09-0467-ag

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

─────────────────────────────────────

**FOR PETITIONER:**    Dehai Zhang, Flushing, NY.

**FOR RESPONDENT:**    Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Liming Wu-Fan, a native and citizen of the People's Republic of China, seeks review of a January 27, 2009 order of the BIA, affirming the April 26, 2007 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liming Wu-Fan*, No. A099 539 112 (B.I.A. Jan. 27, 2009), *aff'g* No. A099 539 112 (Immig. Ct. N.Y. City Apr. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of

that decision, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies, inaccuracies, or falsehoods in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. In finding Wu-Fan not credible, the IJ reasonably relied on the striking similarities between Wu-Fan's asylum statement and a letter he submitted from his father, which had purportedly been prepared independently. For example, the IJ identified the paragraph in Wu-Fan's statement beginning "the good time didn't last

3

long, on 7/22/1999, the Chinese Government defined FaLunGong as an evil religion . . ." as almost identical to his father's statement at the paragraph beginning "[t]he good time didn't last long, on July 22, 1999, the Chinese government defined FalunGong as an evil religion . . . ." The IJ also identified the paragraphs in each statement beginning "on July 2005, since it was Sunday . . ." as strikingly similar. As we have stated, "striking similarities between affidavits are an indication that the statements are 'canned,'" and as such, undermine an applicant's credibility. *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 526 (2d Cir. 2007); *see also Surinder Singh v. BIA*, 438 F.3d at 145, 148 (2d Cir. 2006). Moreover, the agency reasonably declined to credit Wu-Fan's explanations for these similarities, noting that it would be impossible for independently prepared statements to be virtually identical. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also relied on the inconsistency between Wu-Fan's testimony that his father's letter had been sent "directly" by his father, who lives in Fujian province, and an envelope in the record suggesting that certain documents

4

had been sent from Hong Kong. Although Wu-Fan offers a plausible explanation for the discrepancy in his brief to this Court, he made no such argument before the BIA. We will not consider his explanation in the first instance. *See Lin Zhong v. U.S. Dept. of Justice,* 480 F. 3d 104, 107 (2d Cir. 2007).

Finally, the agency relied on a discrepancy between Wu-Fan's testimony that when practicing Falun Gong, one must face east, and evidence in the record suggesting that one may face in any direction. That Wu-Fan lacked this level of doctrinal knowledge was an insufficient basis upon which to doubt his credibility. *See Yose Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Nonetheless, this erroneous finding does not necessitate remand. *See Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 338 (2d Cir. 2006); *see also Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 111 (2d Cir. 2006). The agency's overall credibility determination was reasonable considering the totality of the circumstances. 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, because the only evidence of a threat to Wu-Fan's life or freedom depended on his credibility, the agency's denial of Wu-Fan's application for asylum, withholding of removal, and CAT relief was

5

proper.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk

                                   By:_____