09-1970-ag
Wang-Zhang v. Holder

BIA
Weisel, IJ
A094 797 923

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

PRESENT:
   ROBERT D. SACK,
   REENA RAGGI,
   GERARD E. LYNCH,
    *Circuit Judges.*

_____

HUI ZHEN WANG-ZHANG, ALSO KNOWN AS
HUI ZHEN WANG,
   *Petitioner,*

   v.            09-1970-ag
                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:   Henry Zhang, Zhang & Associates,
           P.C., New York, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney
           General; Terri J. Scadron, Assistant
           Director; Greg D. Mack, Senior
           Litigation Counsel, Office of

**Immigration Litigation, Civil Division; Heather S. Navarro, Law Clerk, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Zhen Wang-Zhang, a native and citizen of the People's Republic of China, seeks review of an April 14, 2009, order of the BIA affirming the June 14, 2007, decision of Immigration Judge ("IJ") Robert D. Weisel denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Zhen Wang-Zhang*, No. A094 797 923 (B.I.A. Apr. 14, 2009), *aff'g* No. A094 797 923 (Immig. Ct. N.Y. City Jun. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse

2

credibility determination. The IJ found Wang-Zhang not credible because: (1) although she testified that she was required to report to the public security bureau on three to four occasions, neither her asylum application nor her mother's letter made any such assertion; (2) although she testified that the police came to her home to ensure she was not practicing Christianity, her asylum application contained no such allegation; and (3) her testimony that her parents were able to continue practicing Christianity despite continued police visits to her home was implausible. Wang-Zhang does not challenge these latter two discrepancies, which stand as valid bases for the IJ's adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).[1]

Wang-Zhang argues that she adequately explained the discrepancy regarding whether she reported to the public security bureau. Although she asserts that the inconsistency was "nothing more than a misunderstanding in the semantics of the questions posed by the attorney for the

---

[1] The IJ also noted other inconsistencies in Wang-Zhang's testimony. Because he found these discrepancies "not significant," and appears not to have based his credibility finding on them, we regard them as immaterial for purposes of this petition.

3

Department of Homeland Security," a reasonable factfinder would not have been compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005); *see also Siewe v. Gonzales*, 480 F.3d 160, 167-68 (2d Cir. 2007).

In light of Wang-Zhang's inconsistent and implausible testimony, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Inasmuch as Wang-Zhang was unable to meet her burden for asylum, she necessarily failed to meet the higher burden required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Although Wang-Zhang sets forth the standard for CAT relief in her brief before this Court, she does not challenge the basis of the IJ's denial of CAT relief – that she did not testify that she would be subject to anything amounting to torture – or otherwise argue that any evidence established a likelihood of torture upon return to China. Accordingly, any challenge to the agency's denial of CAT relief should be deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

4

For the foregoing reasons, the petition for review is DENIED.  Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk