**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-1330

AMSALE TEFERA ASFAW,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 16, 2010    Decided:  November 10, 2010

Before KING, AGEE, and KEENAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

E. Dennis Muchnicki, Dublin, Ohio, for Petitioner.  Tony West, Assistant Attorney General, Anthony W. Norwood, Senior Litigation Counsel, Lisa M. Damiano, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Petitioner Amsale Tefera Asfaw, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Asfaw challenges the adverse credibility finding.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds[.]" Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). Without regard to past persecution, an alien can

2

establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1048 (2010). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citation omitted) (alteration added).

For asylum applications filed after the passage of the REAL ID Act of 2005, a trier of fact, "[c]onsidering the totality of the circumstances, and all relevant factors," may base a credibility determination on any inconsistency, inaccuracy, or falsehood "without regard to whether [it] goes to the heart of the applicant's claim[.]" 8 U.S.C. § 1158(b)(1)(B)(iii) (2006). "[I]n evaluating an asylum applicant's credibility, an [Immigration Judge] may rely on omissions and inconsistencies that do not directly relate to the

3

applicant's claim of persecution as long as the totality of the circumstances establish that the applicant is not credible." Xiu Xia Lin v. Mukasey, 534 F.3d 162, 164 (2d Cir. 2008).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citation omitted).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538. Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v. Holder, 588 F.3d 234, 241 (4th Cir. 2009).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial

4

evidence on the record considered as a whole.  INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary.  8 U.S.C. § 1252(b)(4)(B) (2006).  This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).[*]

We conclude that substantial evidence supports the adverse credibility finding and the record does not compel a different result.  Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Asfaw fails to challenge the denial of her request for protection under the Convention Against Torture. She has therefore waived appellate review of this claim. See Ngarurih, 371 F.3d at 189 n.7 (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

5