14-2060
Xu v. Lynch

BIA
Zagzoug, IJ
A200 166 765

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

HAN XU,
> *Petitioner,*

v.                                                    **14-2060**
                                                      **NAC**

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Zhong Yue Zhang, Flushing, New York.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Derek C. Julius,

Senior Litigation Counsel; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Han Xu, a native and citizen of the People's Republic of China, seeks review of a June 2, 2014 decision of the BIA affirming a May 30, 2013 decision of an Immigration Judge ("IJ"), denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Han Xu,* No. A200 166 765 (B.I.A. June 2, 2014), *aff'g* No. A200 166 765 (Immig. Ct. N.Y.C. May 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Xu was not credible.

The agency reasonably relied on Xu's demeanor, noting that his rehearsed and stilted testimony on direct examination changed significantly upon cross-examination, when his testimony became confused and unresponsive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The agency's demeanor finding and the overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 165-67. Xu made inconsistent statements regarding the reason

3

he remained in the United States in 1999, Xu's brother omitted from his letter threats (against Xu) that he had received in 1999, and Xu omitted from his April 2011 written statement his later assertion that officials had visited and threatened his brother on three occasions between January and April 2011. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent.").

Having questioned Xu's credibility, the agency reasonably relied further on his failure to provide credible evidence to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ also did not err in rejecting as implausible Xu's explanation for his failure to submit his family's household registry. He asserted that China does not permit registries to leave the country; however, as the IJ noted based on her own experience, household registries from the People's Republic of China are regularly submitted in immigration court in this country. *See Xiu Xia Lin*, 534 F.3d at 163, 167-68; *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (providing that the Court defers to an IJ's finding unless it is based on "bald" speculation and noting that "speculation

4

that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience.").

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Xu's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not consider the parties' arguments regarding the IJ's alternative finding that Xu's asylum application was untimely.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6