15-2202
Singh v. Lynch

BIA
Christensen, IJ
A200 239 620

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand sixteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        JOSÉ A. CABRANES,
>        SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

GURWINDER SINGH,
>        *Petitioner,*

>        v.                                    15-2202
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Amy Nussbaum Gell, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Sarah Byrd, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurwinder Singh, a native and citizen of India, seeks review of a June 10, 2015, decision of the BIA affirming a December 10, 2014, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurwinder Singh,* No. A200 239 620 (B.I.A. June 10, 2015), *aff'g* No. A200 239 620 (Immig. Ct. N.Y. City Dec. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on"

inconsistencies in an applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Here, the agency's adverse credibility determination is supported by substantial evidence: the IJ identified multiple inconsistencies and omissions in Singh's testimony and documentary evidence.

First, Singh provided inconsistent information about his first alleged beating.  Singh testified that he went to the hospital after the first beating, but omitted that information from his application.  The IJ reasonably relied on this omission, *see Xiu Xia Lin*, 534 F.3d at 166 n.3, particularly as Singh's documentary evidence also conflicted with his testimony.  Singh testified that he went to the hospital the day after the beating, but the hospital record he submitted reflects that he was admitted the day of the beating.  Moreover, though the hospital record indicates that Singh was unconscious when he arrived, Singh testified that he was still conscious.

In addition, Singh testified that he went to the police station after that first beating and then to the hospital the

3

next day, but his father's affidavit contradicts that testimony. It reports that Singh's father took Singh to the hospital first, then went with the village sarpanch to report the beating to the police. Although Singh insisted that he went to the police station after the first attack, neither his father's nor the sarpanch's affidavits confirm his testimony.

Second, the IJ reasonably relied on inconsistencies regarding the second alleged beating. Both Singh's asylum application and testimony reflected that, after he reported the second beating, he and his father were summoned back to the police station and the police threatened them with violence if they would not drop the case. However, Singh's father's affidavit omitted this return to the police station. *See Xiu Xia Lin*, 534 F.3d at 166 n.3. Although asked, Singh was unable to explain any of the above inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements . . . he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; internal quotation marks omitted)).

Given the inconsistency findings, the totality of the

4

circumstances supports the agency's adverse credibility determination, which is dispositive of all of Singh's claims for relief. *Xiu Xia Lin*, 534 F.3d at 165-66; *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006) (holding that an adverse credibility determination can be dispositive of asylum, withholding of removal, and CAT relief if all claims are based on the same factual predicate).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5