Singh v. Garland

BIA
Navarro, IJ
A206 086 480

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of May, two thousand twenty-one.

PRESENT:
        DENNIS JACOBS,
        ROBERT A. KATZMANN,
        GERARD E. LYNCH,
           *Circuit Judges.*

_____

DALER SINGH,
        *Petitioner*,

      v.                         19-1807
                                 NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

| | |
|---|---|
| FOR PETITIONER: | Deepti Vithal, Esq., Richmond Hill, NY. |
| FOR RESPONDENT: | Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of |

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Daler Singh, a native and citizen of India, seeks review of a June 6, 2019, decision of the BIA affirming a January 9, 2018, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Daler Singh*, No. A206 086 480 (B.I.A. June 6, 2019), *aff'g* No. A206 086 480 (Immig. Ct. N.Y. City Jan. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that individuals, who were Jat Sikhs, attacked him in India on account of his membership in the Dera Sacha Sauda.

The agency reasonably relied on inconsistencies between Singh's account of his alleged June 2013 attack and the accounts provided in the affidavits from family and neighbors that he submitted to corroborate his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Likai Gao v. Barr*, 968 F.3d

3

137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Singh testified that he and his attackers were on foot, while the five affiants stated that his attackers drove a van into Singh while he was riding a motorcycle. Singh initially could not explain this inconsistency, but later asserted first that the affiants were not educated and then that the affiants had members of his attackers' ethnic group prepare the affidavits for them. The agency was not compelled to credit Singh's evolving explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may

4

bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably declined to credit the affidavits from Singh's family and neighbors in any respect because, in addition to the significant inconsistency discussed above, the affidavits were almost identical in their descriptions of the June 2013 attack and his wife's and neighbors' affidavits were identical (including grammatical errors) in describing his alleged October 2013 attack. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"). Further, Singh did not submit any evidence of his injuries, such as medical records or photographs, and the letter from Dera Sacha Sauda does not mention his alleged attacks. The agency was not compelled to conclude that general evidence of tensions and clashes between Sikhs and Dera Sacha Sauda members rehabilitated Singh's credibility regarding his own alleged attacks.

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by

5

substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum (including humanitarian asylum), withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court