Mai v. Garland

BIA
Nelson, IJ
A206 283 943/944

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-three.

PRESENT:
> ROSEMARY S. POOLER,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

LIYAN MAI, JINWEI WANG,
> *Petitioners,*

v.                                                      20-3880
                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Troy Nader Moslemi, Esq.,
                          Flushing, NY.

FOR RESPONDENT:           Brian Boynton, Acting Assistant
                          Attorney General; Nancy E.

Friedman, Senior Litigation Counsel; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Liyan Mai and Jinwei Wang, natives and citizens of the People's Republic of China, seek review of an October 22, 2020 decision of the BIA affirming a July 26, 2018 decision of an Immigration Judge ("IJ"), which denied Mai's application for asylum and withholding of removal.[1] *In re Liyan Mai*, *Jinwei Wang*, Nos. A206 283 943/944 (B.I.A. Oct. 22, 2020), *aff'g* Nos. A206 283 943/944 (Immig. Ct. N.Y. City July 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See*

---

[1] Mai does not challenge the BIA's conclusion that she waived her claim under the Convention Against Torture. Wang, who is Mai's husband, is a derivative applicant on Mai's application.

8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

The IJ may, "[c]onsidering the totality of the circumstances, and all relevant factors" base a credibility determination on the plausibility of the claim and on inconsistencies in an applicant's or witness's statements or between those statements and other evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Mai alleged that she gave birth to a daughter in 1992 and was then forced to have an abortion in March 1994 when family planning officers discovered her second pregnancy.

3

Mai further alleged that she was forced to have intrauterine devices ("IUDs") implanted after her first pregnancy and after she miscarried a third pregnancy in 1996. Substantial evidence supports the agency's adverse credibility determination. We therefore deny the petition.

First, the agency reasonably relied on an omission of material facts from Mai's application and written statement. Mai testified that she paid family planning officials $500 to ignore her second pregnancy. However, she did not mention the bribe in the detailed three-page written statement she submitted in support of her application; nor did Wang mention it in his letter. When asked about these omissions, Mai testified she was "too afraid" to mention the bribe and was "really confused" at the time. Admin. Record at 108. Wang testified that he "wasn't thinking that much." *Id.* at 142. The IJ was not required to credit these explanations because Mai and Wang came to the United States to apply for asylum and Mai filed an affirmative and detailed application. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must

4

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *cf. Ming Zhang v. Holder*, 585 F.3d 715, 723–24 (2d Cir. 2009) (holding that, unlike border and credible fear interviews that occur shortly after arrival, asylum interviews are not subject to "special scrutiny" because, an asylum applicant has filed an affirmative application in which they must give a "detailed and specific account" and have had time to obtain counsel).

Additionally, although "in general omissions are less probative of credibility than inconsistencies created by direct contradictions," the IJ did not err in relying on these omissions because the bribe was something "that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances." *Hong Fei Gao*, 891 F.3d at 78–79 (internal quotation marks and citations omitted).

Second, the IJ reasonably relied on circumstantial evidence that Mai and Wang "simply wanted to move to the United States," Admin. Record at 63, given that Wang previously travelled to other countries without seeking asylum, *see* 8 U.S.C. § 1252(b)(4)(B); *Siewe v. Gonzales*, 408

5

F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quotation marks omitted)).

Third, the IJ reasonably relied on the lack of corroboration in making its adverse credibility determination, given the inconsistencies among Wang's statements, her mother's letter, and the absence of confirmation of her medical history from her doctor in the United States. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Finally, the agency reasonably relied on inconsistencies among Mai's application and testimony, Wang's testimony, and documentary evidence regarding the date of the alleged

abortion.[2] *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Mai stated that the abortion occurred in March 1994 and that her husband and mother were present for the procedure, whereas Wang and mother stated it was in April 1994. The agency was not required to credit Mai's and Wang's explanations that there was confusion between the Chinese and western calendars because they did not present evidence of mistranslation and Wang's explanation indicated that he used a date Mai gave him rather than his own memory. *See Majidi*, 430 F.3d at 80.

Contrary to Mai's position that the discrepancy is trivial and should not have been considered, the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes than an [] applicant is not

---

[2] The agency erred in finding that Mai inconsistently testified that the abortion was in November 1993. Mai testified that she learned she was pregnant in November 1993. *See* Admin. Record at 84, 86. Given the other bases for the adverse credibility determination, this error does not warrant remand. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) ("When an IJ or BIA decision contains errors, we may nevertheless deem remand futile and deny the petition for review if substantial evidence . . . , considered in the aggregate, supports the IJ's finding that petitioner lacked credibility, and . . . disregarding those aspects of the IJ's reasoning that are tainted by error, we can state with confidence that the IJ would adhere to his decision were the petition remanded" (internal quotation marks and citations omitted)).

credible." *Xiu Xia Lin*, 534 F.3d at 167 (internal quotation marks and citation omitted); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully.").

Taken together, the omission, the circumstantial evidence, the lack of reliable corroboration, and the inconsistency provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao*, 968 F.3d at 145 n.8; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum and withholding of removal because both claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8