Zhing v. Holder

BIA
Vomacka, I.J.
A078 962 171/078 951 472

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of February, two thousand fourteen.

PRESENT:
        REENA RAGGI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

_____

SU YANG ZHING, AKA SUYAN JIN,
JIAN-MIN YU,
        *Petitioners*,

        v.                              **13-39**
                                        **NAC**

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONERS:        Gary J. Yerman, Yerman & Associates, LLC, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Su Yang Zhing and Jian-Min Yu, natives and citizens of China, seek review of a December 12, 2012 decision of the BIA, which affirmed the May 18, 2011 decision of Immigration Judge ("IJ") Alan A. Vomacka denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Su Yang Zhing, et al.*, Nos. A078 962 171/078 951 472 (B.I.A. Dec. 12, 2012), *aff'g* Nos. A078 962 171/078 951 472 (Immig. Ct. N.Y. City May 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Zhing's asylum application is not governed by the REAL ID Act, the agency's adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding," and any discrepancy must be "substantial" when measured against

2

the record as a whole. *Secaida-Rosales v. INS*, 331 F.3d 297, 307-08 (2d Cir. 2003) (quotation marks omitted), *abrogated on other grounds as stated in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination for three reasons.

First, the IJ reasonably relied on Zhing's demeanor, noting that her testimony was halting and hesitant. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Second, the IJ reasonably found implausible Zhing's testimony regarding the series of events leading to an old schoolmate providing her with a sterilization certificate, and specifically Zhing's testimony that she requested the certificate because she doubted that her schoolmate had been sterilized in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007)("It is well settled that, in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible.").

Third, consistent with the factors set forth in *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517 (2d Cir. 2007), the agency reasonably considered the similarities

3

between Zhing's application and that of another applicant. As in *Mei Chai Ye*, the IJ's comparison between the applications was rigorous and careful, and Zhing has failed to establish plagiarism or inaccurate translation, or to offer any other possible innocent explanation for the similarities. *Id*. at 524-25.

For these reasons, the agency's adverse credibility determination disposes of Zhing's claims for asylum, withholding of removal, and CAT relief, all of which rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk