12-3540
Yan v. Holder

BIA
Cheng, IJ
A089 929 373

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand fourteen.

PRESENT:

> JOHN M. WALKER, JR.,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

YONG JIN YAN,
> *Petitioner*,

> v.                                    12-3540
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Zhou Wang, New York, NY.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Katharine Clark, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Jin Yan, a native and citizen of the People's Republic of China, seeks review of a August 20, 2012 decision of the BIA affirming the January 18, 2011 decision of Immigration Judge ("IJ") Mary Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Jin Yan*, No. A089 929 373 (B.I.A. Aug. 20, 2012), *aff'g* No. A089 929 373 (Immig. Ct. N.Y. City Jan. 18, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Yan's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "considering the totality

2

of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ reasonably based the adverse credibility determination on inconsistencies between Yan's hearing testimony and credible fear interview, as well as on Yan's omission of information from his asylum application and during his credible fear interview. These include: (1) the discrepancy between Yan's testimony that he was arrested twice, and his statement during his credible fear interview that he was arrested only once; (2) the discrepancy between Yan's testimony that he was released from detention in 2007 after his mother paid a fine, and the omission of any such fine in his mother's letter to the court; (3) Yan's failure to mention his 2007 arrest, detention, and beating in either his

3

asylum application or during his credible fear interview; and (4) Yan's failure to mention in his asylum application that his 2008 release from detention for practicing Falun Gong was precipitated by his disclosure of the identity of a fellow practitioner and his agreement regularly to report to the police. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that IJ may support adverse credibility determination with "any inconsistency or omission"). Moreover, the IJ reasonably rejected Yan's explanations for these inconsistencies, specifically that he was scared, forgot minor details, or did not think the information relevant, because he gave detailed testimony on some issues but not others. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably required proof that Yan practiced Falun Gong in the United States, given that Yan testified that he practiced with a group and with coworkers and that they could have provided affidavits. *See Lizu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006). Despite Yan's assertion that he was unaware that he should obtain affidavits, in light of his acquisition of affidavits in support of other aspects of his claim, the IJ reasonably rejected his explanation. *See*

4

*Majidi*, 430 F.3d at 80-81. As to Yan's demeanor, we defer to the IJ's finding that evasive testimony adversely affected Yan's credibility, as that finding was evident in Yan's changing explanations for the absence of co-worker corroborating affidavits. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

Given these inconsistencies and omissions, Yan's evasive demeanor, and the lack of reasonably available corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to Yan's life or freedom, or likelihood of torture, depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court