14-1272
Sherpa v. Lynch

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand fifteen.

PRESENT: RALPH K. WINTER,
         JOHN M. WALKER, Jr.,
         DENNIS JACOBS,
                   <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
LHAKPA NURU SHERPA,
         <u>Petitioner</u>,

         -v.-                                    14-1272

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[*]
         <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:          H. RAYMOND FASANO,(with Ramesh
                         K. Shrestha <u>on the brief</u>),

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

1

YOUMAN, MADEO & FASANO, LLP, New York, New York.

**FOR RESPONDENT:** COLETTE J. WINSTON (with Anthony C. Payne <u>on the brief</u>), <u>for</u> Joyce R. Branda, Assistant Attorney General, Civil Division, Washington, District of Columbia.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Lhakpa Nuru Sherpa, a native and citizen of Nepal, seeks review of a April 3, 2014 decision of the BIA affirming an October 20, 2011 decision of an Immigration Judge ("IJ") denying Sherpa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

When, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision" this Court "review[s] the decision of the IJ as supplemented by the BIA." <u>Chen v. Gonzales</u>, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. <u>See</u> 8 U.S.C. § 1252(b)(4)(B); <u>see also</u> <u>Lin v. Mukasey</u>, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Sherpa's, the IJ may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor as well as omissions and inconsistencies in the applicant's testimony without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); <u>Lin</u>, 534 F.3d at 165. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." <u>Lin</u>, 534 F.3d at 167. And where "the IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently

2

improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." Majidi v. Gonzales, 430 F.3d 77, 79-80 (2d Cir. 2005) (internal quotation marks and citations omitted). Accordingly, the "exceedingly narrow scope of our review . . . is designed to ensure merely that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." Id. at 80 (internal quotation marks and citations omitted). Here, the totality of the circumstances, including Sherpa's demeanor, his internally inconsistent testimony, and inconsistencies between his testimony and record evidence, taken together, sufficiently support the IJ's credibility determination.

The IJ's finding that Sherpa's demeanor was somewhat hesitant, nonresponsive, evasive and rehearsed formed the basis for the IJ's conclusion that Sherpa did not testify in a forthright manner. One example cited by the IJ is on direct examination, when Sherpa was asked when he joined the Nepali Congress Party, Sherpa paused for a long period of time and had difficulty answering the question. When queried as to the hesitancy in his testimony, Sherpa gave two conflicting explanations, first asserting that there were no pauses, and then explaining that the hesitations in his testimony were simply his way of talking. Contrary to Sherpa's assertion on appeal, the IJ properly assessed Sherpa's demeanor and supported that finding with a specific record example. See Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir. 2006) ("Evasiveness is, of course, one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility. Demeanor is virtually always evaluated subjectively and intuitively, and an IJ therefore is accorded great deference on this score . . . .").

The IJ also supported its adverse credibility determination by citing three inconsistencies in Sherpa's testimony. On direct examination, Sherpa testified that he returned from a mountaineering expedition on April 24, 2005 and that he was attacked by the Maoists on June 22, 2005. Subsequently, on cross-examination, Sherpa conceded that during the period between April 24 and June 22, he was not molested by the Maoists. At the conclusion of his testimony, Sherpa was given the opportunity to rectify any mistakes in his testimony and at this point, Sherpa indicated that his return date from his expedition was

3

actually May 30, 2005. The IJ questioned Sherpa as to why he initially volunteered the date of April 24, 2005 and Sherpa simply stated that he made a mistake. Because of the line of questioning on cross-examination pertaining to the length of time Sherpa was free from danger perpetrated by the Maoists, the IJ found Sherpa's inconsistent testimony on this issue to be a "significant discrepancy." Certified Administrative Record ("CAR") at 96.

Similarly, the IJ observed that Sherpa maintained on direct and cross-examination that his wife received a letter from the Maoists' sister organization, the Young Communist League, in November 2009. Once Sherpa was shown a copy of the letter, dated April 30, 2009, he again simply stated that he made a mistake and that he was confused, despite freely volunteering the November 2009 date on both direct and cross-examination. Sherpa further testified on direct examination that he joined the Nepali Youth Congress Party on August 26, 2005 but changed this answer on cross-examination to indicate that his association with the Nepali Youth Congress Party actually began in 2000. As with his previous answers, Sherpa offered nothing by way of explanation for his discrepancy other than acknowledging that he made a mistake. Thus, on this record, "the totality of the circumstances supports the agency's adverse credibility determination." Yan v. Holder, 578 F. App'x 4, 6 (2d Cir. 2014).

Sherpa contends that none of the IJ's findings pertaining to inconsistencies in dates should be credited because of the significant differences between the Nepali and Gregorian calendars. This argument was not made to the IJ, and the record does not compel the conclusion that the discrepancies in Sherpa's answers were a result of incongruity between the two calendars. "Our role does not extend to hypothesiz[ing] excuses for the inconsistencies in an asylum applicant's testimony." Majidi, 430 F.3d at 80 (internal quotation marks and citations omitted). Sherpa has accordingly fallen short of prevailing on his petition. See id. ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks and citations omitted). The IJ's adverse credibility finding was therefore sufficient to deny Sherpa asylum and withholding of removal. See Hoxhallari v. Gonzales, 468 F.3d 179, 184 (2d Cir. 2006). And Sherpa's

4

CAT claim must be rejected because he has not shown that it is more likely than not that he would be tortured by or with the acquiescence of a government official acting in an official capacity.

For the foregoing reasons, the petition for review is **DENIED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK