Sun v. Lynch

BIA
Wright, IJ
A201 295 610

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

QING SUN,
> *Petitioner,*

> v.                                          15-1140
>                                             NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:         Lee Ratner, Law Offices of
                        Michael Brown, New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal Deputy
                        Assistant Attorney General; Brianne
                        Whelan Cohen, Senior Litigation
                        Counsel; Stefanie A. Svoren-Jay,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qing Sun, a native and citizen of China, seeks review of a March 16, 2015, decision of the BIA affirming an April 18, 2013, decision of an Immigration Judge ("IJ") denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Sun,* No. A201 295 610 (B.I.A. Mar. 16, 2015), *aff'g* No. A201 295 610 (Immig. Ct. N.Y. City Apr. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin*

*Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on, inter alia, the plausibility of an asylum applicant's account and inconsistencies in her statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination against Sun is sound. The agency justifiably relied on the record of Sun's credible fear interview. The record of the interview bore the hallmarks of reliability: the questions and answers about Sun's past harm and future fears were memorialized in a typewritten document. A Mandarin interpreter was used. Sun testified that she was "nervous" during the interview, but not that she was confused by any questions asked. *See Ming Zhang v. Holder*,

585 F.3d 715, 724-25 (2d Cir. 2009) (requiring close scrutiny of credible fear interviews, but deeming reliable one that was typewritten, was conducted with an interpreter, demonstrated that the interviewee understood the questions, and included questions about past harm or fear of future harm).

We have advised that "adverse credibility determinations based on 'discrepancies' with a credible fear interview should be examined with care to ensure that they are not arbitrary." *Id*. at 725. Here, the determination was not arbitrary. At her credible fear interview, Sun was asked, "Who do you fear in the People's Republic of China?" and "Do you believe the government or anyone associated with the government of People's Republic of China, would want to harm you for any reason?" She never mentioned that she was caught distributing Falun Gong flyers, arrested, detained for four days, beaten, and given meager food. Contrary to Sun's argument, "[a]n inconsistency and an omission are," for the purposes of a credibility determination, "functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166 n.3. And here, the omission was significant: the Falun Gong incident was the crux of Sun's asylum claim.

The agency reasonably found that Sun's varying

4

explanations for the omission eroded her credibility further. In her asylum statement, Sun wrote that her snakehead told her not to mention the Falun Gong incident because, if she was sent back to China, the government "would more stringently punish" her for having revealed its repressive tactics. At the merits hearing, she denied having written that passage and said that "maybe back at that time," when she wrote the statement, she "was too nervous and made the mistake." The agency was not compelled to credit this explanation, which did nothing to justify the original omission. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (stating that the agency is not required to credit an explanation that is merely plausible or possible). And that initial explanation conflicted with the one Sun offered at the merits hearing for her omission of the Falun Gong incident: because she "didn't know the point of view here in United States related to Falun Gong."

The IJ justifiably found both of Sun's conflicting explanations to be implausible. "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63,

5

66 (2d Cir. 2007). Such a finding cannot be based on "bald speculation or caprice." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). But one that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007). Here, common sense supports the IJ's inference: it strains credulity that a snakehead would instruct his charge not to divulge an incident of past persecution, or that Sun would flee China based on that incident without knowing whether it would be repeated in the United States.

The agency also reasonably cited various inconsistencies in Sun's account of the glass-throwing incident. At her credible fear interview, Sun said she "beat up somebody," later clarifying that the "somebody" was the "staff of the government" and that she "took a glass and broke it over the head," and later had to pay the "injured" person's medical expenses. At the merits hearing, she denied hitting the village cadre with the

6

glass and suggested that she was falsely accused of injuring him. In addition, at one point she gave the wrong date for the incident (July rather than April). After being confronted with these and other inconsistencies, Sun testified that she was nervous at her credible fear interview (an explanation she continues to press here). The agency was not compelled to accept this explanation. *Majidi*, 430 F.3d at 80; *see also Ming Zhang*, 585 F.3d at 725 ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

Given the omissions, inconsistencies, and implausibilities that cast doubt on whether the critical incident of alleged persecution occurred, the totality of the circumstances supports the agency's adverse credibility determination. Sun's applications for asylum, withholding of removal, and CAT relief were based on the same factual predicate, and so the adverse credibility determination was dispositive as to all three. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                             FOR THE COURT:
                                             Catherine O'Hagan Wolfe, Clerk