Liu v. Lynch

BIA
Poczter, IJ
A200 172 825

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand sixteen.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

XUN JIAN LIU,
> *Petitioner,*

v.                                                      15-213
                                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division; Cindy Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xun Jian Liu, a native and citizen of China, seeks review of a January 6, 2015 decision of the BIA affirming an April 24, 2013 decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xun Jian Liu,* No. A200 172 825 (B.I.A. Jan. 6, 2015), *aff'g* No. A200 172 825 (Immig. Ct. N.Y.C. Apr. 24, 2013).

Under the circumstances of this case, we review both the BIA and IJ decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006), applying well established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (reviewing adverse credibility determination for substantial evidence). In doing so, we assume the parties' familiarity with the underlying facts and procedural history in this case.

For applications such as Liu's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" the inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted). By these standards, the agency's adverse credibility determination is supported by substantial evidence.

Liu first challenges the factual bases for the agency's findings of inconsistency. The agency relied on discrepancies between Liu's testimony and the record of his asylum interview. An adverse credibility determination may be supported by the record of an asylum interview if the record contains a "meaningful, clear, and reliable summary of the statements made

by [the applicant] at the interview." *Diallo v. Gonzales*, 445 F.3d 624, 632 (2d Cir. 2006) (citation and internal quotation marks omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that adverse credibility determination may be based on "consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made)").

Liu argues that the interview record is unreliable because it is handwritten, unorganized, and in shorthand. However, the notes are legible and the shorthand is easy to understand. Further, the notes are not disorganized, generally following a question-and-answer structure. These are sufficient indicia of reliability for the agency to have awarded the notes evidentiary weight. *Cf. Diallo*, 445 F.3d at 632 (deeming unreliable "the informal, personal notations of the asylum officer that were randomly organized, cryptic to all but the note-taker, and partially illegible" (internal quotation marks omitted)). Although Liu claims that he had difficulty understanding the language used at his asylum interview, the record of the interview does not indicate that Liu had any genuine difficulty answering the questions posed and memorializes his detailed responses.

4

As the record is reliable, the agency was entitled to consider the inconsistencies between it and Liu's testimony. At the interview, Liu stated that his parents were arrested and detained for a month because they were practicing Christians, but at his hearing, Liu testified, first, that his parents were not Christian, but then, that they were Christian, but had suffered no persecution. Liu also stated during his asylum interview that he had lived with his grandmother after his parents were arrested, but later testified that he had never lived with his grandmother.[1] He had no explanation for either of these inconsistencies. There were also inconsistencies between Liu's testimony and a letter from his parents regarding whether they tried to persuade him to abandon Christianity after his detention. Liu's explanation for this inconsistency was not compelling and, therefore, the agency's reliance on it was not unreasonable. *See Majidi*, 430 F.3d at 80.

Liu argues that the IJ failed to consider specific items of documentary evidence that he contends corroborated his testimony. "[W]e presume that an IJ has taken into account all

---

[1] Liu correctly observes that the IJ may have misinterpreted the interview notes in making its ruling in this regard, but any such misinterpretation was immaterial and remand to correct the error would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (holding that remand is futile when court can "confidently predict" agency would reach the same decision absent any errors).

of the evidence before [her], unless the record compellingly suggests otherwise," *Xiao Ji Chen*, 434 F.3d at 159 n.13, and we do not require that the agency "expressly parse or refute on the record each . . . piece of evidence," *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006). Here, the IJ stated that she "evaluated the evidence in the record" and concluded that it did not resolve the problems with Liu's credibility. Indeed, the evidence Liu cites fails to resolve the major inconsistencies in his testimony. Thus, the record does not "compellingly suggest" that the IJ did not evaluate this evidence, and we identify no error in the failure to mention specific items of evidence here. *Xiao Ji Chen*, 434 F.3d at 159 n.13.

Finally, the agency reasonably relied on differences between Liu's demeanor on direct and cross-examination. "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and accordingly we give "particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the IJ found that Liu testified in "a direct and cogent manner" on direct examination but that,

6

on cross-examination, he became "evasive to the point where the Court became concerned that [he] did not understand the interpreter." Liu's argument that his demeanor changed because of language difficulties is refuted by the fact that Liu had little difficulty with questions on direct examination, as well as the IJ's explicit confirmation at the hearing that Liu's best language was Mandarin (the language used by the interpreter) and that Liu understood the interpreter. The statements Liu points to as evidence he did not understand the interpreter are either inapposite or indicate that Liu did, in fact, sufficiently understand the interpreter.

Given these inconsistency and demeanor findings, we identify no basis to disturb the IJ's adverse credibility determination, *see Xiu Xia Lin*, 534 F.3d at 165-66, which is dispositive of Liu's claims for asylum, withholding of removal, and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court