15-1329
Zhao v. Lynch

BIA
Van Wyke, IJ
A088 345 824

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand sixteen.

PRESENT:
RICHARD C. WESLEY,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

XIN ZHAO,
*Petitioner*,

v.                                            15-1329
                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Zhen Liang Li, New York, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; John S.
                       Hogan, Assistant Director; Laura
                       M.L. Maroldy, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Zhao, a native and citizen of the People's Republic of China, seeks review of a March 26, 2015, decision of the BIA affirming an October 24, 2013, decision of an Immigration Judge ("IJ") denying Zhao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xin Zhao,* No. A088 345 824 (B.I.A. Mar. 26, 2015), *aff'g* No. A088 345 824 (Immig. Ct. N.Y. City Oct. 24, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency may, in light of "the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of the applicant's account, and inconsistencies

2

in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "we defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The determination against Zhao is sound. Zhao claimed that after being fined by family planning authorities for having a second child, he made extra money by distributing Falun Gong fliers on the street. The IJ cited several inconsistencies and unresponsive answers in finding Zhao not to be credible.

The IJ asked Zhao about his interactions with the recipients of the fliers--that is, how Zhao would respond if someone asked why Falun Gong was a good idea. Zhao responded that he would walk away, then described the contents of the fliers, then explained why he saw the value of Falun Gong (though he was not a practitioner), and finally testified that he would tell people that Falun Gong is not an evil organization as charged by the Chinese government. "Drawing inferences from direct and circumstantial evidence is a routine and necessary task of any factfinder." *Siewe v. Gonzales*, 480 F.3d 160, 167

(2d Cir. 2007). The IJ had the discretion to find that Zhao's nonresponsive and inconsistent answers called into question whether he actually handed out the fliers.

Another area of concern related to how Zhao prepared for the risk of distributing fliers for a banned organization. Several times, the IJ asked Zhao how he was instructed to respond if the police questioned him. Zhao responded by describing how he actually answered questions from the police, that he was told to say he got the fliers from the "outside," and finally, that he could just give any name so long as he did not reveal the source of the fliers. The IJ reasonably found that Zhao's vague answers to this question eroded his credibility. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

A third area concerned whether Zhao told his parents that he was distributing Falun Gong fliers, and if not, why not. Zhao testified that they learned about it after his arrest, and that he withheld that information from them so that they would not worry. But earlier, Zhao had testified that he did not think it would be serious if he was caught distributing fliers. When the IJ followed up, Zhao said that because he was trying to avoid sterilization, he did not tell many people that he was

4

giving out the fliers. Zhao then explained that he distributed the fliers to strangers in a different village. "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007). The IJ expressed reasonable incredulity about Zhao's story: if he was worried about forced sterilization, why was he handing out fliers to strangers? And if he was handing out fliers to strangers, why hide it from his family?

Another problematic area was Zhao's marital history. He testified that because of the sterilization threat and their desire to have more children, he and his wife divorced and later remarried. He omitted that fact from his asylum application. The IJ was entitled to treat this omission as an inconsistency, particularly given that Zhao's work for Falun Gong was purportedly rooted in the sterilization threat. *Xiu Xia Lin*, 534 F.3d at 166 n.3 (an "omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency between one or more of those forms of evidence, can serve as a proper basis for an adverse credibility determination"). The IJ was not compelled to credit Zhao's explanation for the omission: that he thought his divorce was

5

not important.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (explaining that the agency is not required to credit an explanation that is merely plausible or possible).

The lack of responsiveness, inconsistencies, and implausibilities of Zhao's testimony cast doubt on whether he actually distributed Falun Gong fliers or was persecuted for doing so.  His asylum, withholding of removal, and CAT claims were based on the same factual predicate, and so the adverse credibility determination was dispositive as to all three.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk