Patel v. Sessions

BIA
Leeds, IJ
A200 955 082

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand seventeen.

PRESENT:

> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

RAKESH VITTHALDAS PATEL,
        *Petitioner,*

v.                                        16-384
                                          NAC

JEFFERSON B. SESSIONS, III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gopal T. Kukreja, Syosset, NY.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Eric W. Marsteller, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rakesh Vitthaldas Patel, a native and citizen of India, seeks review of a January 13, 2016, decision of the BIA affirming a September 4, 2014, decision of an Immigration Judge ("IJ") denying Patel's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rakesh Vitthaldas Patel,* No. A200 955 082 (B.I.A. Jan. 13, 2016), *aff'g* No. A200 955 082 (Immig. Ct. N.Y. City Sept. 4, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Patel's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies

in an asylum applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167; *see also Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("[O]ur review is designed to ensure merely that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice" (internal citation and quotation marks omitted)). Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi*, 430 F.3d at 80 (emphasis in original)(internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's determination that Patel was not credible.

The agency's credibility determination is supported by three affidavits submitted by Patel and signed by three different affiants. They contain nearly identical language in

3

several paragraphs to describe, inter alia, Patel's participation in the Bharatiya Janata Party ("BJP") and the National Congress Party's ("NCP") mistreatment of him. These substantial similarities cast doubt on the credibility of the affidavits and thus on Patel's own credibility. *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding adverse credibility determination based in part on "nearly identical language" in affidavits); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). Patel argues that the similarities should not be held against him because the affidavits were likely prepared by the same interpreter at the same time and only immaterial topics were described with similar language. These arguments are not compelling. Nothing suggests that the affidavits were prepared by an interpreter and even if they were, it does not explain how the affiants would have used the same words and described events in the same order. *See Majidi*, 430 F.3d at 80-81. And the materiality of the specific paragraphs is irrelevant because the fact of the identical language calls into question whether they are based on personal knowledge, and is

4

therefore sufficient to undermine Patel's credibility. *See Siewe*, 480 F.3d at 170.

The adverse credibility ruling is further supported by the discrepancy between Patel's testimony that he could not return to India because the NCP won the most recent election in his locality and the Government's evidence that the BJP won that election. Patel explained to the IJ that he misunderstood which locality the BJP had won. He now offers a different explanation, contending that he received inaccurate information about the election results from his friends in the United States; however, this explanation was never presented to the IJ and, therefore, could not have compelled the IJ to credit Patel's testimony. *See Majidi*, 430 F.3d at 80. Nor is it compelling because the Government's evidence was publicly available and, contrary to Patel's explanation, his submission of affidavits that post-date the election show that he was, in fact, in contact with people in India.

Finally, the adverse credibility ruling is also supported by the discrepancy between Patel's written application and his testimony that he never contacted the police about incidents at an annual Hindu festival. Patel argues that, contrary to the IJ's finding, he testified that he contacted the police;

however, he relies on testimony about different incidents to support his challenge. *See id.*

Given the inconsistencies and the similarity of the affidavits, the totality of the circumstances supports the adverse credibility determination: a reasonable adjudicator would not be compelled to conclude otherwise. See 8 U.S.C. § 1158(b)(1)(B); *Xiu Xia Lin*, 534 F.3d at 165-67. The credibility finding is dispositive of asylum, withholding of removal, and CAT relief because Patel's claims are all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6