Kibria v. Sessions

BIA
Poczter, IJ
A205 634 225

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand eighteen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
    *Circuit Judges.*

_____

GOLAM KIBRIA, AKA MOHAMED HUSSEIN,
    *Petitioner,*

v.                                          16-4130
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Sheri R. Glaser, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Golam Kibria, a native and citizen of Bangladesh, seeks review of a November 22, 2016, decision of the BIA affirming a March 2, 2016, decision of an Immigration Judge ("IJ") denying Kibria's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Golam Kibria,* No. A 205 634 225 (B.I.A. Nov. 22, 2016), *aff'g* No. A 205 634 225 (Immig. Ct. N.Y. City Mar. 2, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on the

"consistency between the applicant's or witness's written and oral statements[,] . . . the internal consistency of each such statement, . . . the consistency of such statements with other evidence of record[,] . . . any inaccuracies or falsehoods in such statements, . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Kibria was not credible. First, the agency reasonably relied on Kibria's witnesses' identical or nearly identical descriptions of key events. "[S]triking similarities between affidavits are an indication that the statements are canned." *Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (quotation marks omitted)). *See also Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding adverse credibility determination partly based on nearly identical language in supporting affidavits). Several affidavits purporting to be from different witnesses gave identical or nearly identical paragraph-long descriptions of a February 2009 attack, a

3

July 2009 attack, and a November 2010 attack and Kibria's escape. A.R. 30-31. Kibria concedes that the similarities in these affidavits undermine his credibility.

Omissions of key events in affidavits from Kibria's mother and a fellow party member, and inconsistencies between Kibria's testimony and a doctor's letter describing his injuries, bolster the adverse credibility ruling. See *Xiu Xia Lin*, 534 F.3d at 166 n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes."). Review of the record confirms the discrepancies. Moreover, as the Government argues, Kibria did not challenge the agency's reliance on these discrepancies in his brief to the BIA, and so he has failed to exhaust these arguments. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122-23 (2d Cir. 2007) (describing the exhaustion requirement).

The above discrepancies, which call into question both Kibria's testimony and his corroborating evidence of the alleged persecution, provide substantial evidence for the adverse credibility ruling. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Because Kibria's claims were all based on the same factual predicate, the adverse credibility ruling is dispositive of asylum, withholding of

4

removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court