# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2021

Lyle W. Cayce
Clerk

No. 19-60721
Summary Calendar

Mohammad Ridwannul Islam,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 913 360

---

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

    Mohammad Ridwannul Islam, a native and citizen of Bangladesh, appeals his order of removal. He contends that an adverse credibility finding is not supported by substantial evidence. He further contends that he has

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60721

proved his asylum, withholding of removal, and Convention Against Torture claims.

The Board of Immigration Appeals in this case affirmed an adverse credibility finding of the immigration judge. The immigration judge based this finding on observations such as conflicting statements, demeanor during testimony, and an apparent inability to provide details not already contained in a previously provided written statement.

We grant deference to an immigration judge's credibility determination. *Wang v. Holder*, 569 F. 3d 531, 536-38 (5th Cir. 2009). A credibility finding is proper if based on "*any* inconsistency or omission . . . as long as the totality of the circumstances" supports the finding. *Id.* at 538 (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)) We will not reverse a credibility determination unless the evidence compels it. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020).

In this case, the immigration judge cited to several inconsistencies or omissions. Reviewing the record, we are not compelled to find that Islam was credible. *See Id.*

Argument regarding the merits of Islam's asylum and withholding claims is precluded by a lack of credible evidence. 8 U.S.C. § 1158(b)(1)(B); *Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994). Islam failed to exhaust his Convention Against Torture claim by failing to brief it in his appeal to the Board of Immigration Appeals.[1] Therefore, we lack jurisdiction to consider that claim. *See Omari v. Holder*, 562 F.3d 314, 351 (5th Cir. 2009).

---

[1] The Board of Immigration Appeals noted that Islam failed to brief the Convention Against Torture issue, finding it waived. In our court, Islam does not challenge that conclusion, arguing only the merits of his CAT claim.

No. 19-60721

AFFIRMED in part; DISMISSED in part.