Huang v. Garland

BIA
Brennan, IJ
A206 064 047

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of March, two thousand twenty-one.

PRESENT:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
>     *Circuit Judges.*

_____

ZHIZONG HUANG,
>     *Petitioner*,

> v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*[1]

18-2393
NAC

_____

FOR PETITIONER:      David A. Bredin, Esq., Flushing, NY.

FOR RESPONDENT:      Jennifer P. Levings, Senior Litigation Counsel; Laura Halliday

---

[1] The Clerk of Court is respectfully directed to amend the caption as set forth above.

Hickein, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhizong Huang, a native and citizen of the People's Republic of China, seeks review of a July 19, 2018 decision of the BIA affirming an August 8, 2017 decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhizong Huang,* No. A 206 064 047 (B.I.A. July 19, 2018), *aff'g* No. A 206 064 047 (Immig. Ct. N.Y. City Aug. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history to which we refer only as needed to explain our decision to deny the petition.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018).  As 8 U.S.C. § 1158(b)(1)(B)(iii) provides:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

"We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

On review, we conclude that substantial evidence supports the agency's determination that Huang's claim that the Chinese police were aware of his practice of Christianity in the United States was not credible.

As an initial matter, the agency did not err in determining that Huang's misrepresentation during a visa interview undermined his credibility.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Although the agency may err in "penaliz[ing] an applicant for lying to escape a country where

3

. . . []he faces persecution," *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 134 (2d Cir. 2006), Huang's misrepresentation predated his asylum claim, which arose only after he began practicing Christianity in the United States.

Further, the agency reasonably relied on discrepancies between Huang's testimony and his documentary evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Huang's written statement was inconsistent with his testimony as to when and how he was introduced to the Christian church in the United States, and his friend Kevin's letter did not provide details to corroborate Huang's testimony. Also, the two letters from Wang, Huang's friend in China to whom Huang sent a Bible, were inconsistent about the date and some circumstances of Wang's arrest. One letter stated that Wang and five others were arrested in 2013 and their Bible was confiscated. The second stated that the arrest occurred in 2012 and thereafter Wang could read the Bible only at home. The IJ was not required to credit Huang's explanation for the discrepancy—that Wang wrote a second letter because the Chinese government visited him several times and that Wang used a date from the Chinese calendar in the second letter—where Wang's second letter contradictorily stated that it was provided at the

4

request of Huang's mother and the explanation in any case did not resolve the date discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)).

Additionally, the two letters from Huang's mother were inconsistent with each other and with Huang's application. Her first letter reported that Chinese authorities called her on the telephone looking for her son, a report that conflicts with statements made in Huang's application. Her second letter appears simply to have been revised from the first to be consistent with the statement in Huang's application that the authorities confronted her in person. The agency reasonably relied on the cumulative effect of these inconsistencies in reaching a negative assessment of Huang's credibility. *See Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006).

These findings and the overall adverse credibility determination are bolstered by the agency's negative demeanor finding. We give particular deference to the IJ's demeanor

5

determination because only the IJ has the ability to observe the witness. *See Majidi*, 430 F.3d at 81 n.1. Here, the IJ found that Huang appeared both reluctant and evasive when responding to questions about his sending the Bible to Wang in China, and about why he sent money along with the Bible. Since Huang admitted this was the only time he provided any financial support to Wang, we see a reasonable basis for the IJ's skepticism about Huang's testimony that he was not paying for the letters. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'" (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985))).

Having a sound basis for questioning Huang's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate . . . may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistencies between the supporting letters and Huang's

6

own statements, and the fact that the other proffered letters contained only very general information that failed to corroborate details of Huang's introduction to or practice of Christianity in the United States, the IJ reasonably found the letters insufficient to rehabilitate Huang's testimony.

Nor did the IJ err in declining to give weight to the report of Wang's arrest in China, since its validity depended on the credibility of both Huang and Wang, and their credibility had been called into question by inconsistencies in their statements. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Further, he IJ reasonably accorded limited weight to the testimony of Huang's pastor in the United States, because the pastor did not address Huang's misrepresentation when obtaining a visa, or the inconsistencies regarding Huang's introduction to the church or in how Huang secured his documents from China.

Taken together, Huang's misrepresentation when obtaining a visa, the aforementioned inconsistencies, the IJ's demeanor finding, and the lack of reliable corroboration constitute substantial evidence supporting the agency's adverse

credibility ruling. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Because they all rested on the same factual predicate, this adverse credibility determination is dispositive of Huang's claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Finally, as the Government points out, Huang failed to exhaust his argument that his counsel's withdrawal negatively influenced the IJ's decision. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007). He therefore may not pursue it here on a petition for review.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8