20-935
Singh v. Garland

BIA
Christensen, IJ
A 208 195 759

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-two.

PRESENT:
      RAYMOND J. LOHIER, JR.,
      STEVEN J. MENASHI,
      BETH ROBINBSON,
         *Circuit Judges.*

_____

HAPPY SINGH,
      *Petitioner*,

      v.                 **20-935**
                              **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Happy Singh, pro se, South Richmond Hill, NY.

FOR RESPONDENT:      Brian Boynton, Acting Assistant Attorney General; Zoe J. Heller,

Senior Litigation Counsel; Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Happy Singh, a native and citizen of India, seeks review of a February 13, 2020 decision of the BIA affirming a March 29, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Happy Singh,* No. A 208 195 759 (B.I.A. Feb. 13, 2020), *aff'g* No. A 208 195 759 (Immig. Ct. N.Y.C. Mar. 29, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that "the administrative findings of fact are conclusive unless

2

any reasonable adjudicator would be compelled to conclude to the contrary"); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing an adverse credibility determination under a substantial evidence standard). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness" and inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, substantial evidence supports the agency's adverse credibility determination. Singh alleged that he joined the Sikh-nationalist Akali Dal Party ("Mann Party") in March 2013 and was attacked by members of the rival Akali Dal Badal and

3

Bharatiya Janata Parties in September 2013 and December 2014. He alleged that he was hospitalized after the second attack and then went into hiding with relatives before fleeing to the United States. The agency reasonably relied on inconsistencies in Singh's testimony, as well as inconsistencies between his testimony and application, to make its determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). A written statement attached to Singh's application reported that he hid at his uncle's home from January 2015 to August 2015, but both his application and testimony reflected that he was working during that period. Singh also made inconsistent statements about the nature of his employment that he was unable to resolve.

The agency also reasonably relied on omissions from Singh's application and supporting documents. He testified that he spent a month and a half in Cuba before returning to India and leaving for the United States, but that travel was not reported in his asylum application or his aunt's letter, which covered the same time period. *See Xiu Xia Lin*, 534 F.3d at 167 (affirming an adverse credibility determination based, in part, on omissions from corroborating letters).

4

And a letter from Singh's uncle does not mention that Singh was in hiding at his home for nine months in 2015. The agency did not err in relying on these omissions, which either created an inconsistency concerning when Singh was in India or related to information that a witness reasonably would be expected to include. *See Hong Fei Gao*, 891 F.3d at 78 ("[T]he probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose.").

The adverse credibility determination is bolstered by the IJ's demeanor finding. We defer to the IJ's demeanor finding because the IJ is in the best position to interpret demeanor *See Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 109 (2d Cir. 2006) ("[W]e give particular deference to [determinations] that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question.")

5

(quotation marks omitted). Here, the record reflects that Singh was not responsive to questions regarding inconsistencies, particularly those relating to his trip to Cuba.

The agency also reasonably relied on the lack of corroboration as further evidence of a lack of credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Letters from Singh's relatives omitted key information and their authors were not subject to cross-examination. While the remaining evidence supported Singh's claims about his party membership, it did not confirm his allegations of past harm or resolve inconsistencies. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

The inconsistencies and omissions, as well as the demeanor finding and lack of reliable corroboration, provide

substantial evidence for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Singh's due process claim also fails because the interview record was admitted into evidence in his removal proceedings without objection from his counsel. *See* Certified Admin. Record at 104-06 (Hr'g Tr.).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7